**Godofredo Lomotan DELOS SANTOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–75039, 05–70543.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Theodore C. Chen, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department Of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Godofredo Lomotan Delos Santos, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") September 7, 2004 decision affirming an immigration judge's ("IJ") order denying cancellation of removal (No. 04–75039), and the BIA's January 4, 2005 order denying his motion to reopen (No. 05–70543). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo due process claims, and review for abuse of discretion the denial of a motion to reopen. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We dismiss in part and deny in part the petition for review.

To the extent Delos Santos challenges the IJ's hardship determination, this court lacks jurisdiction to consider his contention because the " 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction." *Romero–Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir.2003).

Delos Santos's contention that the IJ's denial of his request for a third continuance violated his due process rights is unpersuasive because he did not show how the absence of oral testimony from his United States citizen son prejudiced his case for cancellation of removal. *See Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999) (due process challenges to immigration proceedings require a showing of prejudice to succeed).

The BIA did not abuse its discretion by denying Delos Santos's motion to reopen on the ground that the new evidence submitted was insufficient to show a reasonable likelihood that Delos Santos's own medical condition would cause exceptional and extremely unusual hardship to his United States citizen son. *See* 8 C.F.R. § 1003.2(c)(1); *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003). Thus, the BIA's determination was within its discretion, and not "arbitrary, irrational or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002).

**PETITION FOR REVIEWED DISMISSED in part; DENIED in part.**